NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUANITA AZUCENA RODRIGUEZ-
GOMEZ; A.S.A.-L.R.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1340

Agency Nos.
A220-152-479
A220-152-480

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2025**
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and KANE, District Judge.***

Petitioners Juanita Azucena Rodriguez-Gomez and her child, natives and

citizens of Guatemala, seek review of the Board of Immigration Appeals' ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Yvette Kane, United States District Judge for the
Middle District of Pennsylvania, sitting by designation.

order affirming the Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

"Where the BIA issues its own review of the evidence and law, our 'review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Lopez v. Garland*, 116 F.4th 1032, 1036 (9th Cir. 2024) (quoting *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020)). "Where the standard of review the BIA employed is unclear, we may look to both the BIA's decision and the IJ's [] decision as a guide to what lay behind the BIA's conclusion." *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013) (internal quotation marks and citation omitted). We review legal questions de novo and factual findings for substantial evidence. *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024). Under substantial evidence review, we must uphold the BIA's findings "unless the evidence compels a contrary result." *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) (quotation marks and citation omitted).

1. To qualify for asylum, Petitioners must show that a protected ground is "at least one central reason" for the persecution that they suffered or fear. 8 U.S.C. § 1158(b)(1)(B)(i). To qualify for withholding of removal, Petitioners must show a protected ground is "a reason" for persecution. *Barajas-Romero v. Lynch*,

846 F.3d 351, 358, 360 (9th Cir. 2017); 8 U.S.C. § 1231(b)(3)(A). "A nexus between the harm and a protected ground is a necessary element of asylum and withholding of removal." *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023).

Petitioners claim persecution based on events described by Rodriguez-Gomez's husband, Ricardo, in his testimony and declaration. Specifically, Ricardo was once injured while riding his motorcycle, Rodriguez-Gomez was stalked on several occasions, an employee at a banana-packing plant owned by Rodriguez-Gomez's mother found a note referencing Ricardo's government job, and Ricardo received extortionist messages on his phone. Based on these events, Petitioners contend they were harmed on account of two particular social groups ("PSGs"): people with family ties and connection to Rodriguez-Gomez's mother, and professionally employed individuals.

Assuming without deciding that the PSGs were cognizable, the BIA did not err in finding that Petitioners failed to establish the requisite nexus for their asylum and withholding of removal claims. Although there is evidence that Ricardo had "upset" some workers at the banana-packing plant and the note found at the plant did reference his new job, there is no other evidence of who was responsible for Ricardo's attack, the stalking, the note, and the extortionist messages, or whether the same people were responsible for these incidents. Further, Ricardo testified that

3                                                    24-1340

he "[did not] know who might want to hurt [him] or why." Thus, the record does not "compel[]" a finding that Rodriguez-Gomez and Ricardo were targeted due to their membership in either of the proposed PSGs. *See Budiono*, 837 F.3d at 1046; *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[A noncitizen's] desire to be free from harassment by criminals motivated by theft or random violence . . . bears no nexus to a protected ground."). Because the lack of nexus is "dispositive of [Petitioners'] asylum and withholding of removal claims," *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016), we need not and do not address the other grounds upon which the BIA dismissed these claims.[1]

2. Substantial evidence supports the BIA's conclusion that Petitioners are ineligible for protection under CAT. To qualify for CAT relief, Petitioners must establish that if removed to Guatemala, they would "more likely than not" be tortured. 8 C.F.R. § 208.16(c)(2). Here, there is no evidence that the people who harmed Rodriguez-Gomez have attempted to contact her or her family members who remain in Guatemala since she left. *See Zheng v. Holder*, 644 F.3d 829, 835

---

[1] In her opening brief, Rodriguez-Gomez discusses additional facts that were included in her declaration but not her husband's declaration. However, as the Government points out, Rodriguez-Gomez failed to raise any arguments based on these additional facts before the BIA and therefore failed to exhaust those arguments. *See* 8 U.S.C. § 1252(d)(1); *see also Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024). Further, even if those arguments were exhausted, the record does not compel the conclusion that the events in Rodriguez-Gomez's declaration bear any nexus to a protected ground.

(9th Cir. 2011) (denying petition for review where the possibility of torture was too speculative).

The petition for review is **DENIED**.